OPINION
{¶ 1} Nyteria Green appeals from her conviction and sentence in the Montgomery County Common Pleas Court on one count of forgery in violation of R.C. § 2913.31(A)(3), a fifth-degree felony.
 {¶ 2} Green entered a guilty plea to the foregoing charge, and the trial court sentenced her to six months in prison. She then filed a timely appeal. In her sole assignment of error, she contends the trial court erred in imposing an excessively harsh sentence. In support, Green argues only that some of the "seriousness and recidivism" factors set forth in R.C. § 2929.12(B) through (E) militate in her favor.
 {¶ 3} Upon review, we find no merit in Green's argument that the trial court imposed an excessively harsh sentence. Her six-month term of incarceration was the minimum possible for a fifth-degree felony. R.C. § 2929.14(A)(5). Moreover, the trial court made sufficient findings to support the imposition of a prison term rather than community control. In particular, the trial court found a prison term appropriate based on its consideration of the seriousness and recidivism factors set forth in R.C. § 2929.12 and the purposes and principles of sentencing found in R.C. § 2929.11. (Sentencing transcript at 2). The trial court also plainly found that Green was not amenable to a community control sanction as evidenced by the fact that she had a prior felony conviction and was on active community control at the time of the instant offense. (Id.). In addition, the trial court found that one of the factors set forth in R.C. § 2929.13(B)(1)(a) through (i) applied to her. Specifically, the fact that Green was on community control when she committed the instant offense established the applicability of R.C. § 2929.13(B)(1)(h).[1] The foregoing findings are sufficient to support Green's six-month prison sentence.
 {¶ 4} Finally, Green's argument about the "seriousness and recidivism" factors is unpersuasive. Even if some of the factors do weigh in Green's favor, several of them do not. Most notably, the trial court found that Green displayed "absolutely no remorse," that she had a prior felony conviction, and that she was on active community control. Although Green would prefer a different weighing of the relevant factors, we find no abuse of discretion on the part of the trial court. Accordingly, we overrule Green's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
WOLFF, J., and YOUNG, J., concur.
[1] Revised Code § 2929.13(h) applies if "[t]he offender committed the offense while under a community control sanction[.]"